UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SCOTT,<br><br>Defendant. | Case No. 1:11-0171-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Christopher Scott's Motion for Early Termination of Supervised Release (Dkt. 30). Having reviewed the Motion and otherwise being fully informed, the Court will deny the motion.

## BACKGROUND

On February 21, 2012, Scott was sentenced to a term of imprisonment of forty-eight months followed by fifteen years of supervised release after pleading guilty to Possession of Sexually Explicit Images of Minors under 18 U.S.C. § 2252(a)(4)(B). After successfully completing his term of imprisonment, Scott was released on supervised probation in 2015. Since Scott began his supervised release period, he has followed its terms without issue and has maintained steady

employment as a journeyman pipefitter. Scott has also successfully completed Sex Offender Treatment.

On May 26, 2021, Scott filed his motion for early termination of supervised release. (Dkt. 30). The United State Probation Officer assigned to the case has indicated that he does not support the motion. The Government likewise opposes Scott's early release. (Dkt. 31).

## DISCUSSION

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review eight sentencing factors which include:

>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2) deterrence;
>   (3) protection of the public;
>   (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>   (5) the sentence and sentencing range established for the category of defendant;
>   (6) any pertinent policy statement by the Sentencing Commission;
>   (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7); *United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (*citing United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

Additionally, the Court should respectfully consider the policy conclusions and recommendations of the Judicial Conference regarding early termination of supervision. *See generally Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010) ("While the policy conclusions of the Judicial Conference may not be binding on the lower courts, they are at the very least entitled to respectful consideration") (internal quotation marks and citation omitted).

The Court, having considered the above-listed factors, is not persuaded that early termination of supervised release is warranted. *See* § 3583(e)(1). The Court acknowledges that Scott has performed well during supervision and commends him for successfully completing treatment and for seeking to maintain consistent employment. However, his behavior, which is to be expected, does not justify early termination. The probation officers are there to help defendants do precisely what

Scott has done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. The Court does not find that this case is an exception in that respect.

Scott's desire to travel to Arizona for work is understandable but does not change the Court's decision. U.S. Probation and Pretrial Services indicates that Scott has declined their offer to transfer his supervision to another district so he may work there. As such, the Court will deny the Motion.

## ORDER

**IT IS ORDERED** that Defendant Christopher Scott's Motion for Early Termination of Supervised Release (Dkt. 30) is **DENIED**.

DATED: July 27, 2021

B. Lynn Winmill
U.S. District Court Judge