UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cv-00171-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| CHRISTOPHER SCOTT, | |
| Defendant. | |

**INTRODUCTION**

On February 21, 2012, the Court sentenced Defendant Christopher Scott to 48 months imprisonment followed by 15 years of supervised release for his conviction for Possession of Sexually Explicit Images of Minors under 18 U.S.C. § 2252(a)(4)(B). After completing his term of imprisonment, Mr. Scott began supervised release in 2015. In May 2021, Mr. Scott brought a motion for early termination of supervised release, which the Court denied. Dkt. 32. The Court's decision tracked very closely with its analysis in the case of Freddy Ponce, which the Ninth Circuit remanded on appeal. *United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022). Mr. Scott now brings a renewed motion for early termination of supervised release, citing the clarified legal standard from *Ponce*, Mr. Scott's

disproportionately restrictive term of supervised release, and Mr. Scott's

exhaustion of supervision-based rehabilitative services. The government does not

oppose the motion and the United States Probation Office takes no position. For

the reasons discussed below, the Court will grant the motion.

## LEGAL STANDARD

"The correct legal standard for deciding a motion to terminate supervised

release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817,

819 (9th Cir. 2014). Section 3583(e)(1) directs courts to consider a subset of the

sentencing factors set forth in 18 U.S.C. § 3553(a), including:

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   Deterrence;

(3)   Protection of the public;

(4)   The need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5)   The sentence and sentencing range established for the category of defendant;

(6)    Any pertinent policy statement by the Sentencing Commission;

(7)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8)   The need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6),

and (a)(7). After considering those sentencing factors, "a court may terminate a

term of supervised release 'if it is satisfied that such action is warranted by the

conduct of the defendant released and the interest of justice.'" *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)).

In deciding these motions, a "district court need not give an elaborate explanation of its reasons for accepting or rejecting [a defendant's] arguments, and it 'need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them.'" *Id*. at 821-22 (citations omitted). Nevertheless, "[t]he record as a whole . . . must contain an explanation that would permit meaningful appellate review and justify the court's conclusion in light of the parties' nonfrivolous arguments and the legal standard." *Id*. (citation omitted).

Finally, "[i]t is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *Id.* at 824 (Nguyen, dissenting on other grounds) (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## ANALYSIS

Mr. Scott makes two arguments that persuade the Court that early termination is now warranted in his case.

### A.     Performance on Supervision

The Court first turns to Mr. Scott's performance on supervision—a necessary starting point whenever early termination is at issue. As the Court noted in its previous order, Mr. Scott has performed admirably. Dkt. 32 at 3. He has maintained a perfect record on supervision for seven years. Moreover, his probation officer indicated that in the last 15 months, his attitude has improved.

Because of his good conduct over many years, he has somewhat limited supervision measures. He is in the "Moderate-1" caseload, which is the lowest-risk designation available to sex offenders. He does not have to appear in person at the U.S. Probation Office and is not subject to any kind of drug testing. He is still subject to unannounced home visits, which, based on his conviction, U.S. Probation requires regardless of good conduct.

In short, Mr. Scott has done everything right and the Probation Office has recognized that by scaling back supervisory measures. This satisfies the Court that further supervision is not needed for deterrence or to protect the public. 18 U.S.C. § 3553(a)(2)(B)-(C).

### B.     Rehabilitation Services Available

Next, the Court considers the rehabilitative services that Mr. Scott is receiving through U.S. Probation. He has successfully completed all programming

that U.S. Probation has offered him, including an apparently intensive set of mandatory programming for sex offenders. He is no longer receiving treatment or other services through U.S. Probation. This indicates that the need to provide the defendant with educational, vocational training or other rehabilitation favors terminating supervision. 18 U.S.C. § 3553(a)(2)(D).

### C.     Sentencing Disparities

Finally, Mr. Scott argues that early termination will avoid unwarranted sentencing disparities. When Mr. Scott was sentenced, he argues, the Court typically imposed 10- to 20-year terms of supervised release for offenses involving the possession of child pornography. But today—in part because of adjustments in U.S. Probation's recommendations—the Court more often imposes terms of about five years. He argues the Court's new approach is better both empirically and as a policy matter. *See Motion* at 10-11, Dkt. 33. That disparity, he argues, justifies reducing the term here.

On this point, the Court is not persuaded. True, the § 3553(a) factors direct the Court to consider unwarranted sentencing disparities. But some adjustments to practices and recommendations over a decade-long period do not really show sentencing disparities. Perhaps with more empirical data—as opposed to cites to a few anecdotal cases—the Court would find this argument persuasive. On the

whole, however, Mr. Scott's 15-year term is squarely within the typical range of supervised release terms that the Court has imposed for nearly a quarter century.

Although his final argument is unavailing, Mr. Scott has shown that early termination of supervised release is in the interests of justice. The Court will grant his motion.

**ORDER**

**IT IS ORDERED that:**

1.     Defendant's Motion for Early Termination of Supervised Release (Dkt. 33) is **GRANTED**.

DATED: November 4, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**